UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
WINDWARD BORA LLC,

                          Plaintiff,                        **REPORT AND**
                                                        **RECOMMENDATION**
        -against-                         CV 19-5803 (SJF)(AYS)

DRUPETEE RAMPERSAD a/k/a
DRUPATEE RAMPERSAD, RICK
RAPMERSAD, and NEW YORK CITY
ENVIRONMENTAL CONTROL
BOARD,

                          Defendants.
------------------------------------------------------------X

**SHIELDS, Magistrate Judge:**

       This is an action to foreclose on a residential mortgage commenced by Plaintiff Windward Bora LLC ("Windward" or "Plaintiff") against Defendants Drupetee Rampersad a/k/a Drupatee Rampersad, Rick Rampersad (the "Rampersad Defendants"), and the New York City Environmental Control Board ("ECB" and collectively with the Rampersad Defendants, "Defendants"). See Docket Entry herein ("DE") 1. Presently before the Court, on referral from the Honorable Sandra J. Feuerstein, is Defendant Rick Rampersad's motion to dismiss, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(3). See DE 11. For the following reasons, this Court respectfully recommends that the motion be denied.

BACKGROUND

I.      Documents Considered

       As is required in the context of this motion to dismiss, the factual allegations in the Complaint are accepted to be true for the purposes of this motion, and all reasonable inferences are drawn in favor of the Plaintiff. While facts to consider in the context of a Rule 12 motion to dismiss are generally limited to those set forth in the pleadings, a court may consider matters

1

outside the pleadings when determining, for purposes of a Rule 12(b)(1) motion, whether subject matter jurisdiction exists. M.E.S., Inc. v. Snell, 712 F.3d 666, 671 (2d Cir. 2013). The Court turns now to discuss the facts set forth in Plaintiff's Complaint, construed in Plaintiff's favor.

II.     Factual Background

The facts are drawn from Plaintiff's Complaint and are as follows. Plaintiff is a single-member limited liability company organized under the laws of the State of Delaware. DE 1 ¶ 2. Plaintiff's sole member, Yonel Devico, is a citizen of the Kingdom of Morocco, is lawfully admitted for permanent residence in the United States, and is domiciled in the State of Florida. Id. Defendants Rick Rampersad (individually, "Rampersad") and Drupatee Rampersad are the owners and mortgagers of the real property located at 10738 120th Street a/k/a 107-38 120th Street, Jamaica, NY 11419 in Queens County, New York (the "Property"). Id. ¶¶ 3–4. On or about July 16, 2007, the Rampersad Defendants executed and delivered a promissory note (the "Note") in the original principal amount of $93,500. Id. ¶ 10; Ex. C. On or about the same day, the Rampersad Defendants also executed a mortgage (the "Mortgage") on the Property. Id. ¶ 9; Ex. B. The Note and Mortgage were then transferred to Plaintiff Windward. Id. ¶ 11; Ex. D.

On or about June 20, 2015, the Rampersad Defendants defaulted on the Note and Mortgage by failing to tender the monthly installment payment due that day. Id. ¶ 14. The Rampersad Defendants have failed to make any payments since that date. Id. Plaintiff alleges that it adhered to the obligations in the loan documents by providing opportunities to cure and providing the Rampersad Defendants with notices of default. Id. ¶ 15; DE 7-3 (Plaintiff's Opposition to Defendants' Motion to Dismiss) at 2.[1] Plaintiff then commenced this foreclosure

---

[1] The Court does not address facts concerning Plaintiff's compliance with relevant state real property laws as those facts are not applicable to the current motion to dismiss.

action against Defendants on October 15, 2019.  DE 1.  On November 8, 2019, Defendant Rick Rampersad moved to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(3).  DE 11.

III.　　The Motion to Dismiss

In support of its motion to dismiss, Rampersad argues that the Complaint should be dismissed for lack of subject matter jurisdiction, or for improper venue pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(3).  Plaintiff argues that subject matter jurisdiction is proper because Plaintiff adequately pled diversity of citizenship of the parties.  It argues that venue is proper because a substantial part of the events giving rise to this action took place within the jurisdiction of this Court, and the Subject Property is located in this district.

## DISCUSSION

I.　　Legal Principles

　　A.　　Standards on Rule 12(b)(1) Motion to Dismiss

A district court may dismiss an action for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) where the court "lacks statutory or constitutional power to adjudicate it . . . .'" Courtlandt St. Recovery Corp. v. Hellas Telecommns., S.A.R.L., 790 F.3d 411, 417 (2d Cir. 2015) (quoting Makarova v. United States, 20 F.3d 110, 113 (2d Cir. 2000)); see also Shabaj v. Holder, 718 F.3d 48, 50 (2d Cir. 2013).  A plaintiff asserting subject matter jurisdiction has the burden to prove that it exists, and in evaluating whether the plaintiff has met that burden, "[t]he court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff,' but 'jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it.'"  Morisson v. Nat'l Austl. Bank Ltd., 547 F.3d 167, 170 (2d Cir. 2008) (citations omitted), aff'd, 561 U.S. 247

(2010). The plaintiff has the burden of establishing by a preponderance of the evidence that subject matter jurisdiction exists. Hamm v. U.S., 483 F.3d 135, 137 (2d Cir. 2007) (citation omitted). If a court lacks subject matter jurisdiction, it must dismiss the action. Fed. R. Civ. P. 12(h)(3); Durant, Nichols, Houston, Hodgson & Cortese-Costa, P.C. v. Dupont, 565 F.3d 56, 62–64 (2d Cir. 2009). Courts evaluating Rule 12(b)(1) motions "may resolve the disputed jurisdictional fact issues by reference to evidence outside the pleadings, such as affidavits." Zappia Middle East Contr. Co. v. Emirate of Abu Dhabi, 215 F.3d 247, 253 (2d Cir. 2000).

    B.    Standards on Rule 12(b)(3) Motion to Dismiss

Rule 12(b)(3) allows a defendant to move to dismiss a claim based on "improper venue." When considering a motion to dismiss for improper venue, the Court must accept the facts alleged in the Complaint as true and draw all reasonable inferences in favor of the non-moving party. See Lesniewski v. Triton EP LLC, No. 07-cv-2186(JS)(WDW), 2008 WL 11449071, at *2 (E.D.N.Y. March 24, 2008); Cartier v. Micha, Inc., No. 06-CV-4699, 2007 WL 1187188, at *2 (S.D.N.Y. Apr. 20, 2007). In ruling on the motion, the Court may rely on facts and consider documents outside the Complaint. See Cartier, at *2. Further, Plaintiff bears the burden of proving that venue is proper. Id. Absent a formal hearing on the motion, a plaintiff need only make a prima facie showing of venue to defeat the motion. See Gulf Ins. Co. v. Glasbrenner, 417 F.3d 353, 355 (2d Cir. 2005).

III.    Disposition of the Motion

    A.    Plaintiff Has Established Subject Matter Jurisdiction

Plaintiff has met its burden of affirmatively showing that that the Court has subject matter jurisdiction in this action. In paragraph 7 of its Complaint, Plaintiff pled that the basis for subject matter jurisdiction is 28 U.S.C. § 1332, which provides that "[t]he district courts shall

4

have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). Diversity jurisdiction requires that "all of the adverse parties in a suit . . . be completely diverse with regard to citizenship." Handelsman v. Bedford Village Assoc. Ltd. Partnership, 213 F.3d 48, 51(2d Cir. 2000) (citation omitted).

Defendant does not argue that the dispute does not exceed the sum or value of $75,000, as required by 28 U.S.C. § 1332(a)(1), but instead contends that there is not complete diversity between the parties. Plaintiff has established diversity between the parties. Plaintiff Windward is a limited liability company with a single member. DE 1 ¶ 2. For purposes of diversity jurisdiction, a limited liability company has the citizenship of its membership. Handelsman, 213 F.3d at 51–52 (citing Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998)). Plaintiff's sole member is Yonel Devico, who is domiciled in Florida. DE 1 ¶ 2. Plaintiff properly alleged in its Complaint that Mr. Devico is a citizen of Florida. Id.; see Van Buskirk v. United Grp. of Cos., Inc., 935 F.3d 49, 53 (2d Cir. 2019) ("An individual's citizenship, within the meaning of the diversity statute, is determined by his domicile . . . .") (quoting Palazzo ex rel. Delmage v. Corio, 232 F.3d 38, 42 (2d Cir. 2000)). Additionally, in its opposition to Defendant's motion to dismiss, Plaintiff submitted Windward's operating agreement which shows that Mr. Devico is the sole member of the limited liability company, as well as Mr. Devico's driver's license which lists a Florida residence. As such, Plaintiff has met its burden in demonstrating that Plaintiff is a citizen of Florida. Notably, Defendant has not argued or alleged that Plaintiff is not a citizen of Florida.

Plaintiff has also specifically alleged that all Defendants are citizens of New York. DE 1 ¶¶ 3–5. Plaintiff alleges that the Rampersad Defendants are both residents and citizens of New

York, with the same address in Jamaica, New York. Defendant specifically takes issue with the citizenship of ECB. However, Plaintiff also adequately alleged that Defendant ECB is a citizen of New York. Further, the case that Plaintiff cites to argue that diversity as to ECB is improper, Eastern Sav. Bank v. Walker, 775 F. Supp. 2d 565. n.1 (E.D.N.Y. 2001), explained that ECB is a suable entity as an agent of the City of New York, which is a municipal corporation incorporated and with its principal place of business in New York. See also SAC FUND II 0826, LLC v. Burnell's Enterprises, Inc., 2019 WL 5694078, at *4 (E.D.N.Y. Sept. 7, 2019) (explaining that ECB is a citizen of New York because it has a principal place of business in New York). The Walker court further explained that "New York's Real Property Actions and Proceedings Law provides that 'any department, bureau, board, commission, officer, agency or instrumentality' of a city may be named a defendant in an action affecting real property. RPAPL 202-a." Id. n.1. Accordingly, because ECB is amenable to suit under Section 202-a of New York RPAPL, and because it is an agency of a New York corporation, ECB is suable and has New York citizenship.

As such, Defendant offers no facts or argument that contradicts Plaintiff's allegations that all Defendants are citizens of New York, or that otherwise undermines Plaintiff's properly pleaded claim of diversity jurisdiction. Thus, because all Defendants are citizens of New York and Plaintiff is a citizen of Florida, there is complete diversity amongst the parties and federal diversity jurisdiction has been established. Accordingly, the motion to dismiss for lack of subject matter jurisdiction is denied.

B. Venue is Proper

Rampersad also argues that the Complaint should be dismissed for improper venue. Rampersad does not offer any support for this argument. Regardless, Plaintiff has established proper venue under 28 U.S.C. § 1391.

Under 28 U.S.C. § 1391(b), "A civil action may be brought in—(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial party of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated . . . ." Here, Plaintiff properly alleges that a substantial part of the events giving rise to this action took place in this judicial district. DE 1 ¶ 8. Further, the Property in dispute is located in this district, and the Mortgage was recorded in New York. Id. ¶¶ 8–9. Plaintiff has established that venue is proper in this District in this action. Accordingly, the motion to dismiss for lack of venue is denied.

## CONCLUSION

For the foregoing reasons, the Court respectfully recommends that Defendant Rick Rampersad's motion to dismiss, appearing as Docket Entry 11 herein, be denied in its entirety.

## OBJECTIONS

A copy of this Report and Recommendation is being provided to all counsel via ECF. Any written objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of filing of this report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72(b). Any requests for an extension of time for filing objections must be directed to the District Judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections within fourteen (14) days will preclude further review of this report and recommendation either by the District Court or Court of Appeals. Thomas v. Arn, 474 U.S. 140, 145 (1985) ("[A] party shall file objections with the district court or else waive right to appeal."); Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to

object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision").

Dated: Central Islip, New York
       March 16, 2020

                                                  /s/ Anne Y. Shields
                                                 Anne Y. Shields
                                                 United States Magistrate Judge