UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
WINDWARD BORA, LLC,

                Plaintiff,

      -against-

DRUPETEE RAMPERSAD, a/k/a Drupatee
Rampersad, RICK RAMPERSAD and NEW YORK
CITY ENVIRONMENTAL CONTROL BOARD,

                Defendants.
----------------------------------------------------------------X

**ORDER**
19-CV-5803 (SJF)(AYS)

**FILED**
**CLERK**
11:03 am, Oct 20, 2020
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

FEUERSTEIN, District Judge:

      Pending before the Court is the Report and Recommendation of the Honorable Anne Y. Shields, United States Magistrate Judge, dated March 16, 2020 ("the Report"), (1) recommending that the motion of defendant Rick Rampersad to dismiss the complaint pursuant to Rules 12(b)(1) and 12(b)(3) of the Federal Rules of Civil Procedure be denied; and (2) advising, *inter alia*, (a) that ""[a]ny written objections to th[e] Report . . . must be filed . . . within fourteen (14) days of filing of th[e] report," (Report at 7) (citing 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 6(a), 72), and (b) that "[f]ailure to file objections within fourteen (14) days will preclude further review of th[e] report. . . ." (*Id.*) (citing *Thomas v. Arn*, 474 U.S. 140, 145, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); and *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008)). Although a copy of the Report was served upon plaintiff via ECF on March 16, 2020, (*see* DE 20), and upon defendants via first class mail on September 30, 2020, (*see* DE 22), no party has filed any timely objections to the Report, nor sought an extension of time to do so.[1] For the reasons set forth below, the Report is accepted in its entirety.

---

[1] In addition, none of the defendants appeared for the pretrial status conference held before the undersigned on October 14, 2020, despite being served with a copy of the Court's August 18, 2020 scheduling order via first class mail on August 18, 2020. (*See* DE 21).

1

I.    Standard of Review

Any party may serve and file written objections to a report and recommendation of a magistrate judge on a dispositive matter within fourteen (14) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Any portion of such a report and recommendation to which a timely objection has been made is reviewed *de novo*. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The court, however, is not required to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are interposed. *See Thomas*, 474 U.S. at 150, 106 S. Ct. 466. Where a party "received clear notice of the consequences of the failure to object" to a report and recommendation on a dispositive matter, *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992) (quotations and citation omitted); *accord Mario v. P&C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989), his "failure to object timely to [that] report waives any further judicial review of the report." *Frank*, 968 F.2d at 16; *see also Smith v. Campbell*, 782 F.3d 93, 102 (2d Cir. 2015); *Caidor*, 517 F.3d at 604.

Nonetheless, the waiver rule is non-jurisdictional and, thus, the Court may excuse a violation thereof "in the interests of justice." *Neita v. Precision Pipeline Sols.*, 768 F. App'x 12, 14 (2d Cir. Apr. 29, 2019) (summary order) (citing *United States v. Male Juvenile (95-CR-1074)*, 121 F.3d 34, 39 (2d Cir. 1997)); *see also DeLeon v. Strack*, 234 F.3d 84, 86 (2d Cir. 2000). "Such discretion is exercised based on, among other factors, whether the defaulted argument has substantial merit or, put otherwise, whether the magistrate judge committed plain error in ruling against the defaulting party." *Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162, 174 (2d Cir. 2000); *see also Isigi v. Dorvilier*, 795 F. App'x 31, 34 (2d Cir. Dec. 19, 2019) ("While we have discretion to excuse a failure to object 'in the interests of justice,' we will

2

ordinarily not exercise that discretion unless 'the magistrate judge [has] committed plain error.'" (brackets in original)).

II.     Review of Report

Since no party has filed any timely objections to the Report, nor sought an extension of time to do so, they have "waive[d] any further judicial review of the findings contained in the [R]eport." *Spence*, 219 F.3d at 174. As the Report is not plainly erroneous, the Court will not exercise its discretion to excuse the parties' default in filing timely objections to the Report in the interests of justice. Accordingly, the Report is accepted in its entirety.

III.    Conclusion

For the reasons set forth above, the Report is accepted in its entirety and, for the reasons set forth therein, the motion of defendant Rick Rampersad to dismiss the complaint pursuant to Rules 12(b)(1) and 12(b)(3) of the Federal Rules of Civil Procedure is denied in its entirety. Pursuant to Rule 12(a)(4)(A) of the Federal Rules of Civil Procedure, defendants must serve a responsive pleading within fourteen (14) days after notice of this Order.

A hearing on plaintiff's motion for entry of a default judgment against defendants is scheduled before the undersigned on **December 2, 2020 at 11:00 a.m.** Said conference will be conducted telephonically. At the designated time, the Parties are to call Chambers' teleconferencing number, **(877) 336-1280**, and follow the automated instructions; the access code is: **7215690**.

3

      Plaintiff shall serve a copy of this Order upon defendants and file proof of such service with the Court.

SO ORDERED.

                                                /s  *Sandra J. Feuerstein*
                                                SANDRA J. FEUERSTEIN
                                                United States District Judge

Dated:  October 20, 2020
           Central Islip, New York