UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------X
WINDWARD BORA LLC,

                  Plaintiff,                    <u>MEMORANDUM & ORDER</u>
                                                19-CV-5803 (JS)(AYS)
     -against-

RICK RAMPERSAD, DRUPETEE
RAMPERSAD A/K/A DRUPETEE
RAMPERSAD, NEW YORK CITY
ENVIRONMENTAL CONTROL BOARD

                  Defendants.
------------------------------X
APPEARANCES
For Plaintiff:        Alan H. Weinreb, Esq.
                      The Margolin and Weinreb Law Group, LLP
                      165 Eileen Way, Suite 101
                      Syosset, New York  11791

For Defendants:       Stanislav Gomberg, Esq.
Rick Rampersad        Gomberg Legal, P.C.
Drupetee Rampersad    1001 Avenue of the Americas, Suite 1222
                      New York, New York  10018

SEYBERT, District Judge:

        Rick   Rampersad   ("Rick"),   and   Drupetee   Rampersad

("Drupetee" and collectively with Rick the "Defendants")[1] move,

pursuant to Rules 60(b)(1), (3), (4) and (6) of the Federal Rules

of Civil Procedure ("Rule") to vacate the December 2, 2020 Default

Judgment of Foreclosure and Sale (the "Foreclosure Order") in its

---

[1] The New York City Environmental Control Board (the "NYCEB") was
also a named defendant in this action; however, the NYCEB defaulted
and is not implicated in the instant motion.  (<u>See</u> Clerk's Entry
of Default, ECF No. 16.)  For the reader's convenience, therefore,
the Court uses the collective term "Defendants" to include only
Rick and Drupetee.

entirety (hereafter, the "Motion"). (See Foreclosure Order, ECF No. 32; Motion, in toto, ECF No. 41.) For the reasons that follow, Defendants' Motion is DENIED.

## BACKGROUND

The Court presumes familiarity with the facts underlying this case which were summarized in Magistrate Judge Shields' March 16, 2020 Report & Recommendation (the "R&R"). (See R&R, ECF No. 20 (adopted in its entirety by the Court in its entirety on October 20, 2020 (see Adoption Order, ECF No. 24)).) Consequently, the Court recites only those facts necessary to resolve the instant Motion.

On October 15, 2019, Windward Bora LLC (the "Plaintiff") filed its Complaint. (See Compl., ECF No. 1.) The Complaint was served on Rick on October 24, 2019, at "104-12 121st Street, 2nd Floor - Rear Door, South Richmond Hill, New York 11418" (the "Richmond Hill Address"). (See Aff. of Serv., ECF No. 9.) Likewise, Drupetee was served with the Complaint on October 31, 2019, also at the Richmond Hill Address. (See Aff. of Serv., ECF No. 10.) On November 8, 2019, Rick moved to dismiss the Complaint (the "Dismissal Motion") arguing, inter alia, that the Court lacked subject matter jurisdiction. (See Dismissal Motion at 4-9, ECF No. 11.) Plaintiff countered that diversity jurisdiction existed because all Defendants were citizens of New York while Plaintiff, a single member Limited Liability Company ("LLC"), was a citizen

of Florida. (See Opp'n to Dismissal Motion at 3-5, ECF No. 17-3.) Plaintiff annexed to its Opposition: (1) Plaintiff's Operating Agreement (see Operating Agreement, Ex. A, ECF No. 17-1, attached to Opp'n to Dismissal Motion); and (2) a copy of a Florida-issued driving license for Yonel Devico (hereafter "Devico"), Plaintiff's sole member (see Proof of Citizenship, Ex. B, ECF No. 17-2, attached to Opp'n to Dismissal Motion.) On November 27, 2019, Plaintiff obtained Clerk's Certificates of Default against Defendants NYCECB and Drupetee for their failure to respond to the Complaint. (See Clerk's Entry of Default, ECF No. 16.)

On January 27, 2020, then presiding Judge Sandra J. Fuerstein[2] referred Rick's Dismissal Motion to Magistrate Judge Anne Y. Shields for a Report and Recommendation. (See Jan. 27, 2020 Order Referring Motion.) The R&R, in pertinent part, denied Rick's Dismissal Motion, finding:

> Plaintiff Windward is a limited liability company with a single member. For purposes of diversity jurisdiction, a limited liability company has the citizenship of its membership. . . . Plaintiff's sole member is Yonel Devico, who is domiciled in Florida. . . . Plaintiff submitted Windward's operating agreement which shows that Mr. Devico is the sole member of the limited liability company, as well as Mr. Devico's driver's license which lists a Florida residence.

---

[2] This case was reassigned to the undersigned on June 2, 2021. (See June 2, 2021 Reassignment Order.)

(R&R at 5.)  The Court found it "[n]otabl[e], [that] Defendant [did] not argue[] or allege[] that Plaintiff [was] not a citizen of Florida."  (Id.)

Subsequently, on October 20, 2020, the Court adopted the R&R in its entirety.  (See Adoption Order.)  As part of the Court's Adoption Order, Rick was directed to file "a responsive pleading within fourteen (14) days after notice of th[e] [Adoption] Order." (Id. at 3.)  Defendants were served a copy of the Court's Adoption Order on October 21, 2020, "by First Class Mail," at: "10738 120th Street a/k/a 107-38 120th Street, Jamaica, N[ew] Y[ork] 11419," and the Richmond Hill Address.  (See Affs. of Serv., ECF Nos. 25, 26.)  Ultimately, Defendants failed to file a responsive pleading and Plaintiff requested a Certificate of Default against Rick from the Clerk of Court.  (See Req. for Cert. of Default, ECF No. 27.) A Clerk's Entry of Default was entered on November 10, 2020.  (See Clerk's Entry of Default, ECF No. 28.)  In the Adoption Order, Defendants were advised in the Adoption Order that there would be "[a] hearing on plaintiff's motion for entry of a default judgment against defendants . . . on December 2, 2020, at 11:00 a.m" (the "Default Hearing").  (Adoption Order at 3.)

On November 17, 2020, Plaintiff filed the aforementioned Motion for Default Judgment of Foreclosure and Sale (the "Default Motion").  (See Default Motion, ECF No. 30.)  It was served on

4

Defendants "by First Class Mail" at both the Jamaica Address and the Richmond Hill Address. (See Aff. of Service, ECF No. 30-7, attached to Default Motion.) On December 2, 2020, at the Default Hearing, Defendants failed to appear. (See Min. Order for Proceedings, ECF No. 31.) Consequently, Plaintiff's Default Motion was granted, the case was closed, and the Foreclosure Order was entered. (See id.; see also Foreclosure Order, ECF No. 32.)

On January 12, 2021, Defendants filed an "Emergency Motion to Reopen" this Case (the "Motion to Reopen"). (See Motion to Reopen, ECF No. 34.) In the Motion to Reopen, Defendants averred:

> We were not made aware of an upcoming auction nor foreclosure nor a transfer in our loan. We never received a summons and complaint because we do not live at the referenced property. . . . Our deed was just stolen by our non-paying tenant who happened to be our CPA. . . . She forged our signatures and signed our deed over to herself. . . . We want to hire an attorney to return our deed to us as well as get an attorney to help us address the upcoming foreclosures.

(Motion to Reopen at 1 (emphasis in original).) Ultimately, the Court denied the Motion to Reopen finding that:

> The application is . . . without basis. The affidavits of service indicate that defendants were served with a summons and the complaint at a different address than the "referenced property," to wit 104-12 121st Street, 2nd Floor, rear door, South Richmond Hill, NY, which is the address listed on defendants' current motion. Moreover, defendant Rick Rampersad clearly received the complaint since

he filed a motion to dismiss the complaint on
11/9/2019.

(Jan. 12, 2021 Elec. Order.)  A copy of the Court's denial was
mailed to Defendants at the Richmond Hill Address.

On May 13, 2021, Defendants, by and through Counsel,
filed a Motion for a Pre-Motion Conference (the "PMC Request").
(See PMC Request, ECF No. 36.)  Defendants indicated that they
sought "leave to file a Motion Seeking an Order setting aside and
vacating the [Foreclosure Order]." (PMC Request at 1.)  On June
2, 2021, the Court waived its Pre-Motion Conference requirement
and granted Defendants leave to file the instant Motion.  (See
June 2, 2021 Elec. Order.)  On June 8, 2021, Defendants filed an
Emergency Motion for Temporary Restraining Order (the "TRO
Motion") (see TRO Motion, ECF No. 39), along with a Covid Hardship
Declaration (see Hardship Decl., Ex. B, ECF No. 39-2, attached to
TRO Motion.)  On the same day, this Court ordered Plaintiff "to
show cause in writing why the pending Foreclosure Sale should not
be stayed under CEEFPA[3] until August 31, 2021." (See June 8, 2021
Elec. Order.)  In response, Plaintiff agreed that the action should
be stayed.  (See June 10, 2021 Response Letter, ECF No. 40).  The
parties were advised that the briefing schedule previously set by

_____

[3] "CEEFPA" is the acronym for the COVID-19 Emergency Eviction and
Foreclosure Prevention Act of 2020.

the Court on Defendants' Motion would remain in effect.  (See June 11, 2021 Elec. Order.)

PROCEDURAL HISTORY

On June 16, 2021, Defendants filed the instant Motion. Plaintiff filed its Opposition to the Motion on July 9, 2021 (see Opp'n, ECF No. 46), to which Defendants replied on July 23, 2021 (see Reply, ECF No. 47.)

Defendants' Motion outlines three primary bases for vacating the Foreclosure Order.  First, Defendants argue the Foreclosure Order should be vacated pursuant to Rule 60(b)(1) because Plaintiff failed to adequately demonstrate its entitlement to judgment or to produce specific loan payment history in support of its Default Motion.  (Motion at 13-14.)  Second, Defendants argue that, pursuant to Rule 60(b)(4), the Foreclosure Order must be vacated because complete diversity did not exist among the parties rendering the judgment void.  (Id. at 15-16.)  Finally, Defendants aver that, pursuant to Rule 60(b)(3), the Foreclosure Order should be vacated due to alleged fraudulent misconduct on the part of Plaintiff's member, Devico.  (Id. at 17-19.)

DISCUSSION

I.   Legal Standard

     A.   Rule 60(b) Motion to Vacate[4]

          Pursuant to Rule 55(c), "[t]he court may set aside an
entry of default for good cause, and it may set aside a final
default judgment under Rule 60(b)."   FED. R. CIV. P. 55(c).
Defendants move to vacate the default judgment entered in this
action pursuant to Rule 60(b)(1), (3), (4) and (6) which provide,
in relevant part:

          On motion and just terms, the court may
          relieve a party or its legal representative
          from a final judgment, order, or proceeding
          for the following reasons:

          (1)  mistake,  inadvertence,  surprise,  or
               excusable neglect;
                         * * *
          (3)  fraud   (whether    previously   called
               intrinsic        or        extrinsic),
               misrepresentation,  or misconduct  by an
               opposing party;
          (4)  the judgment is void;
                         * * *

---

[4] Defendants' argument that the Foreclosure Order "granted on
default in this action must be vacated pursuant to [Rule] 55(c)"
is incorrect (see Motion at 2); since the default judgment in this
case has already been entered, the Motion should be treated as one
to set aside the default Judgment under Rule 60(b).   See State
Farm Mut. Auto Ins. Co. v. Cohan, 409 F. App'x 453, 456 (2d Cir.
2011) (identifying that the more forgiving standards of Rule 55(c)
applies to motions to vacate administrative defaults); Local 78,
Asbestos, Lead & Hazardous Waste Laborers, AFL-CIO v. Termon
Const., Inc., No 01-CV-5589, 2003 WL 22052872, at *3 (S.D.N.Y.
Sept. 2, 2003) (analyzing defendants' motion filed pursuant to
Rule 55(c) and 60(b) under Rule 60(b) "[s]ince a default judgment
against [defendant] ha[d] already been entered") (collecting
cases)).

(6)  any other reason that justifies relief.

FED. R. CIV. P. 60(b)(1)-(6).  Under Rule 60(b) a motion "must be made within a reasonable time." FED. R. CIV. P. 60(c)(1).  Moreover, when made pursuant to Rule 60(b) (1), or (3), such motion must be made "no more than a year after the entry of the judgment or order or the date of the proceeding." Id.; accord Sec. and Exch. Comm'n v. Penn, No. 14-CV-0581, 2021 WL 1226978, at *4 (S.D.N.Y. Mar. 31, 2021) ("One year is the outer limit; what is reasonable depends on the facts and circumstances of the particular case." (quoting Chiulli v. Internal Revenue Serv., No. 03-CV-6670, 2006 WL 3008084, at *3 (S.D.N.Y. Oct. 20, 2006))).  "Rule 60(b) provides 'a mechanism for extraordinary judicial relief [available] only if the moving party demonstrates exceptional circumstances,' and relief under the rule is discretionary." Motorola Credit Corp. v. Uzan, 561 F.3d 123, 126 (2d Cir. 2009) (quoting Ruotolo v. City of N.Y., 514 F.3d 184, 191 (2d Cir. 2008)).  "Rule 60(b) will 'be broadly construed to do substantial justice,' while respecting that 'final judgments should not be lightly reopened.'" Thai-Lao Lignite (Thai.) Co., Ltd. v. Gov't of Lao People's Democratic Republic, 864 F.3d 172, 183 (2d Cir. 2017) (quoting Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986)).  Indeed, "[r]elief under Rule 60(b) is 'generally not favored and is properly granted only upon a showing of exceptional circumstances.'" Ins. Co. of N. Am.

v. Pub. Serv. Mut. Ins. Co., 609 F.3d 122, 131 (2d Cir. 2010) (quoting United States v. Int'l Bhd. of Teamsters, 247 F.3d 370, 391 (2d Cir. 2001)).

The Second Circuit has emphasized that:

> [w]hen a district court decides a motion to vacate a default judgment pursuant to the provisions of Rule 60(b), the court's determination must be guided by three principal factors: (1) whether the default was willful, (2) whether the defendant demonstrates the existence of a meritorious defense, and (3) whether, and to what extent, vacating the default will cause the nondefaulting party prejudice.

New York v. Green, 420 F.3d 99, 108 (2d Cir. 2005) (citations and internal quotations omitted).

## II. Analysis

### A. The Rule 60(b)(1) Arm of Defendants' Motion is Untimely

"[A] judge's errors of law are . . . 'mistake[s]' under Rule 60(b)(1)." Kemp v. United States, 142 S. Ct. 1856, 1860 (2022); see also In re 310 Assocs., 346 F.3d 31, 35 (2d Cir. 2003) ("In two early cases, this Court established a principle that Rule 60(b)(1) was available for a district court to correct legal errors by the court.") Such errors need not be "obvious legal mistakes." Kemp, at 1861 (internal quotation marks omitted). "[C]ourts have [also] long found that excusable neglect may involve legal error." Id. at 1863 (collecting cases). Likewise, courts "have a similar history of granting relief based on 'judicial inadvertence.'" Id.

(emphasis in original) (first quoting <u>Larson v. Heritage Square</u> <u>Assocs.</u>, 952 F.2d 1533, 1536 (8th Cir. 1992), then citing <u>O'Tell</u> <u>v. N.Y, New Haven & Hartford R.R. Co.</u>, 236 F.2d 472, 475 (2d Cir. 1956)).

"A Rule 60(b)(1) motion based on judicial mistake of law must be filed within the time that would be permitted for an appeal of the judgment being challenged." <u>Munn v. APF Mgmt. Co., LLC</u>, No. 19-CV-10791, 2021 WL 2355308, at *2 (S.D.N.Y. June 9, 2021) (quoting <u>Leonard v. Lowe's Home Ctrs., Inc.</u>, 83 F. App'x 402, 403 (2d Cir. 2003) (summary order)); <u>see also</u> <u>Brooks v. Doe Fund, Inc.</u>, No. 17-CV-3626, 2020 WL 5706451, at *4 (E.D.N.Y. Sept. 24, 2020) ("'Rule 60(b)(1) motions . . . based on district court mistakes are generally deemed untimely if made after the deadline for filing a notice of appeal' which is within thirty days after the entry of judgment." (quoting <u>Niederland v. Chase</u>, 425 F. App'x 10, 12 (2d Cir. 2011) (summary order)); <u>Klein v. Aicher</u>, No. 19-CV-9172, 2022 WL 61352, at *3 (S.D.N.Y. Jan. 6, 2022) (acknowledging that while "[m]otions under Rule 60(b)(1) must be made 'within a reasonable time,' and . . . must be made no later than one year from the entry of judgment[,]" that "[i]n addition to this 'absolute' one-year period, Rule 60(b)(1) motions 'based on district court mistakes are generally deemed untimely if made after the deadline for filing a notice of appeal'" (citing <u>Niederland</u>, 425 F. App'x at 12 (further citation omitted))). "One of the reasons for not

permitting Rule 60(b)(1) motions to correct court errors after the deadline for appeal is to prevent the rule from becoming a vehicle to assert an otherwise time-barred appeal." <u>Niederland</u>, 425 F. App'x at 12 (citing <u>In re 310 Assocs.</u>, 346 F.3d at 35).

In the Rule 60(b)(1) portion of their Motion, Defendants argue that the Court erred in entering the Foreclosure Order against them because Plaintiff failed to "proffer admissible, nonhearsay evidence to prove" Plaintiff's default. (Motion at 13-14.) Defendants aver that Plaintiff's reliance upon the affidavit of Devico (the "Devico Affidavit"), to prove Defendants' default was legal error since Plaintiff was required to submit "specific loan payment history or business records" in support of its Motion for Default Judgment. (<u>Id.</u> at 14.) This is especially true, according to Defendants, since "Devico does not claim to have relied upon any specific loan payment history or business records." (<u>Id.</u>) Regardless, Defendants state further that the Devico Affidavit, "cannot be accepted on its face" considering, what Defendants argue, is the affiant's perjury. (<u>Id.</u>; <u>see also</u> <u>infra</u> Part II.B.) As to Plaintiff's standing, Defendant argues that "Plaintiff cannot establish standing" in this case "with regard to the HELOC and Credit Line Mortgage by production of undated allonges in blank." (Motion at 14.)

Plaintiff counters that, as an initial matter, Defendant's Rule 60(b)(1) motion is time barred because Defendants

moved for relief under Rule 60(b)(1) after their deadline for filing a notice of appeal had passed. (Opp'n at 8-9.) Specifically, Plaintiff notes that the Foreclosure Order was entered on December 2, 2020, "and Defendant's Motion was filed on June 16, 2021, more than six months after entry of the [Foreclosure Order]." (Id. at 9.) Even if the Court opted to use the date of Defendants' PMC Request, Plaintiff highlights that the PMC Request was filed on "May 13, 2021, more than [five] months after the entry of the [Foreclosure] Order." (Id.) Regarding standing, Plaintiff states that it had previously proven standing with documentary evidence "annexed to its Complaint." (Id.) Plaintiff emphasizes that its documentary evidence established "a clear chain of recorded Assignments of [the] Mortgage, in addition to a clear chain of allonges to the Note." (Id.) On the adequacy of Plaintiff's evidence of default, Plaintiff highlights that Defendant raises this argument for the first time. (Id. at 10.) Plaintiff appears to rely upon the fact that the Court previously found its evidence of Defendants' default sufficient without addressing Defendants' argument on the issue. Nevertheless, Plaintiff vehemently disputes Defendants' characterization of Devico as a perjurer and therefore opposes Defendants' attack on the Devico Affidavit on those grounds. (See id. at 15-16; see also infra Part II.B.)

Here, the Court agrees with Plaintiff that, to the extent Defendants' Rule 60(b)(1) Motion is premised upon judicial mistake, it is untimely having been filed 196 days after the date of entry of the Foreclosure Order. As Plaintiff aptly argues, Defendants' Motion would remain untimely even if the Court measured timeliness from the date upon which they filed their PMC Request. Nevertheless, even if Defendants' Rule 60(b)(1) Motion were not untimely, the Court further finds that there was no judicial mistake in this case, and additionally, that the discretionary factors counsel against vacatur.

1.    Even if the Rule 60(b)(1) Motion Was Timely, There Was No Judicial Mistake

Defendants' contention that the Devico Affidavit is fatally flawed because it did not attest reliance upon specific loan payment history or business records is incorrect. On the contrary, the Devico Affidavit explicitly affirmed that Devico, "ha[d] access to [Plaintiff's] business records including the business records relating to the loan of" the Defendants, and that his affidavit was made "based upon [his] review and examination of the records relating to the Defendants' loan and from [his] own personal knowledge of how they are kept and maintained in the regular course of [Plaintiff's] business." (Devico Affidavit, Ex. C, ECF No. 30-5, attached to Default Motion.) Devico attested further that "[i]t [wa]s the regular course of [Plaintiff's]

business to keep and maintain such records." (Id.) Courts in this circuit routinely permit employees to submit, as evidence of default, factual affidavits which are based upon the employee's examination of relevant company business records. See, e.g., CIT Bank, N.A. v. Schiffman, No. 16-CV-5772, 2018 WL 6161971, at *5 (E.D.N.Y. Aug. 24, 2018) (rejecting defendants' argument that plaintiff's employee's sworn affidavit was insufficient to establish defendants' default and highlighting, "lenders routinely rely on factual affidavits by their employees, whose sworn statements, usually based on an examination of the institution's business records, serve to authenticate those documents and place them before the court in support of the motion") (collecting cases), report & recommendation adopted, 2018 WL 4804644 (E.D.N.Y. Oct. 3, 2018); see also CIT Bank, N.A. v. Valerio, No. 16-CV-6644, 2019 WL 7862489, at *4 (E.D.N.Y. Oct. 19, 2019) (finding that an affidavit submitted by "an Assistant Secretary" at plaintiff's servicing agent was prima facie evidence of default where the affiant was "familiar with [the] business records maintained by the company for the purpose of servicing mortgage loans" and where the affiant attested that "the Mortgagors [were] in default under the terms and conditions of the . . . Note and Mortgage, because the January 1, 2016 and subsequent payments were not made" (internal citations omitted)); Gustavia Home, LLC v. Cudjoe, No. 16-CV-3992, 2019 WL 13171158, at *4 (E.D.N.Y. Mar. 1, 2019)

(finding that sworn affidavit attesting to defendant's "default under the terms of the Note and Mortgage," which was submitted by plaintiff's sole member, constituted prima facie evidence of defendant's default).

Similarly, Plaintiff correctly highlights that it established standing in this action by annexing to its Complaint a copy of the mortgage note, along with a clear chain of recorded assignments and allonges to the note that establish it was the assignee of the note at the time the action was commenced.[5] (See Exs. B-D, ECF No. 1-1, attached to Complaint). See also Courchevel 1850 LLC v. Alam, No. 17-CV-0785, 2019 WL 9656366, at *9 (E.D.N.Y. Oct. 30, 2019) ("Under New York law, a plaintiff establishes standing in a mortgage foreclosure action by demonstrating that it is both the holder or assignee of the subject mortgage and the holder or assignee of the underlying note at the time the action [was] commenced. Significantly, being a holder or assignee of the underlying note is sufficient for standing to foreclose, because the mortgage passes with the debt as an inseparable incident." (internal citations and quotations omitted)); see also Gustavia Home, LLC v. Bent, 321 F. Supp. 3d 409, 415 (E.D.N.Y. 2018) (finding that plaintiff established ownership of the note where it

_____

[5] The case that Defendants rely upon to attack Plaintiff's standing to bring the foreclosure action is factually inapposite. Regardless, Plaintiff did not simply provide an undated allonge endorsed in blank to prove its ownership of the note.

submitted "copies of the Mortgage, Note, allonges, and chain of assignments").

To the extent not explicitly addressed, the Court has considered the remainder of Defendants' arguments on this point, and it finds them to be without merit.

2.   Even if Timely, the Discretionary Factors Counsel Against Vacatur of the Foreclosure Order

a)   Defendants' Default Was Willful

Since "[t]he basic purpose of default judgment is to protect parties from undue delay-harassment[,]" <u>Green</u>, 420 F.3d at 108 (quotations and citation omitted), the Second Circuit has "held that willfulness in the context of a judgment by default requires 'something more than mere negligence,' such as 'egregious or deliberate conduct,' although 'the degree of negligence in precipitating a default is a relevant factor to be considered.'" <u>Id.</u> (quoting <u>Am. Alliance Ins. Co., Ltd. v. Eagle Ins. Co.</u>, 92 F.3d 57, 60-61 (2d Cir. 1996)); <u>see also</u> <u>S.E.C. v. McNulty</u>, 137 F.3d 732, 738 (2d Cir. 1998) ("We have interpreted 'willfulness,' in the context of a default, to refer to conduct that is more than merely negligent or careless."). "On the other hand, the court may find a default to have been willful where the conduct of counsel or the litigant was egregious and was not satisfactorily explained." <u>McNulty</u>, 137 F.3d at 738; <u>accord</u> <u>Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry</u>

& Constr., LLC, 779 F.3d 182, 186 (2d Cir. 2015). "Whether the defendants' default was 'willful' is the most important factor a district court must consider on a motion to vacate a default judgment." Gil v. Frantzis, No. 17-CV-1520, 2019 WL 4784674, at *5 (E.D.N.Y. Oct. 1, 2019) (citing De Curtis v. Ferrandina, 529 F. App'x 85, 86 (2d Cir. 2013) ("Of these factors, willfulness carries the most weight.")).

Here, Defendants were personally served with the Summons and Complaint on October 24, 2019, and October 31, 2019, at the Richmond Hill Address; as such, the contention that they were unaware of this action against them is specious. In the case of Rick, the contention seems especially contrived given that he filed the Dismissal Motion on November 8, 2019. Tellingly, Defendants' January 12, 2021 Motion to Reopen, in which they claimed not to have been served, was post-marked as coming from the Richmond Hill Address. Furthermore, on September 30, 2020, Defendants were served with a copy of Magistrate Judge Shields' R&R recommending the Court dismiss Rick's Dismissal Motion; on October 21, 2021, Defendants were served with copies of the Adoption Order. (See Affs. of Serv., ECF Nos. 22, 25, 26.) Further, Drupetee offers no explanation why her failure to appear at all in this action was anything other than willful. (See Motion, in toto; see also Reply, in toto.) Likewise, Rick does not explain his decision not to file a responsive pleading, after being directed by the Court to

18

do so upon the denial of his Dismissal Motion. (Id.) Under such circumstances, the Court finds that Defendants willfully defaulted. See Green, 420 F.3d at 109 (holding that default was willful where defendants "offered no explanation for their counsel's failure to appear or seek an extension of time to respond to the complaint" nor "any justification for their failure to take action after receiving notice that the clerk had entered default against them").

    b)    Defendants Have Not Provided Evidence of a Meritorious Defense[6]

"In order to make a sufficient showing of a meritorious defense in connection with a motion to vacate a default judgment, the defendant need not establish his defense conclusively, . . . but he must present evidence of facts that, if proven at trial, would constitute a complete defense[.]" McNulty, 137 F.3d at 740 (quotations and citations omitted); accord State St. Bank and Trust Co. v. Inversiones Errazuriz Limitada, 374 F.3d 158, 167 (2d Cir. 2004); United States v. Chesir, 526 F. App'x 60,

---

[6] The Court notes that having found that the Defendants' default to be willful, it is not required to evaluate whether Defendants have a meritorious defense or whether there would be prejudice to Plaintiff. See Dave's Specialty Imps., Inc. v. Roduce for Less, Inc., No. 19-CV-7136, 2021 WL 1207121, at *2 (E.D.N.Y. Mar. 31, 2021) ("The Court's determination that the default was willful is alone sufficient to support the denial of [a] motion to vacate, and the Court need not consider the other two factors" (citing Jaramillo v. Vega, 625 F. App'x 76, 76 (2d Cir. 2017))). Nevertheless, for the sake of completeness, the Court will evaluate Defendants' proffered defense.

62-63 (2d Cir. 2013). "A defendant seeking to vacate an entry of default must present some evidence beyond conclusory denials to support his defense." Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 98 (2d Cir. 1993); see, e.g., Bricklayers, 779 F.3d at 187 (holding conclusory denials are insufficient to satisfy defendant's "burden of offering evidence sufficient to establish a complete defense"); McLean v. Wayside Outreach Dev. Inc., 624 F. App'x 44, 45 (2d Cir. 2015) (holding a defense which "is made only in conclusory terms and is not accompanied by any supporting evidence" is without merit). "The test of such a defense is measured not by whether there is a likelihood that it will carry the day, but whether the evidence submitted, if proven at trial, would constitute a complete defense." Enron Oil, 10 F.3d at 98; accord State St. Bank, 374 F.3d at 167. "This standard applies regardless of whether there has been an evidentiary hearing or an opportunity for discovery." State St. Bank, 374 F.3d at 167.

Here, Defendants' proffered defense, that the subject mortgage was previously paid off, is nothing more than a conclusory statement made in a self-serving affidavit for which Defendants have provided no documentary evidence that the Court can review.[7]

---

[7] The Court is wary of accepting Defendants' statement at face value, given that they had previously represented to the Court that they were unaware of this action, and had been the victims of deed theft (See Motion to Reopen at 1), but fail to expand upon this earlier deed theft claim in the present Motion.

See Sony Corp. v. Elm State Elecs., Inc., 800 F.2d 317, 320-21 (2d Cir. 1986) (holding "[a]lthough in an answer general denials normally are enough to raise a meritorious defense, the moving party on a motion to reopen a default must support its general denials with some underlying facts" and "[t]he affidavits that defendants filed" in that case "were no more than sworn conclusory denials" which were insufficient); see also Weifang Xinli Plastic Prods. v. JBM Trading Inc., No. 11-CV-2710, 2014 WL 4244258, at *15 (E.D.N.Y. Aug. 26, 2014) (finding that where "[t]he only evidence defendant offer[ed] in support of his defense [was] his own self-serving testimony[,]" such testimony was insufficient to establish a meritorious defense); E-Bus. Holdings, LLC v. Webgenius.com, Inc., No. 02-CV-10308, 2004 WL 2884311, at *3 (S.D.N.Y. Dec. 9, 2004) (finding defendant failed to establish a meritorious defense where he offered no evidence beyond the conclusory statements in his own affidavit to support his position).

B.  Defendants Have Failed to Show How the Alleged Fraud Prevented Them from Fairly & Fully Presenting Their Case

"Rule 60(b)(3) affords the court discretion to relieve a party from a final judgment on the grounds of fraud committed by an adverse party." Miller v. Shelton, No. 99-CV-2006, 2006 WL 753187, at *2 (W.D.N.Y. Mar. 20, 2006) (citing FED. R. CIV. P. 60(b)(3)). "To succeed on a Rule 60(b)(3) motion, 'a movant must

show that the conduct complained of prevented the moving party from fully and fairly presenting his case.'" United States ex rel. Brutus Trading, LLC v. Standard Chartered Bank, No. 18-CV-11117, 2021 WL 4772142, at *6 (S.D.N.Y. Oct. 13, 2021) (quoting State St. Bank, 374 F.3d at 176). "[A] Rule 60(b)(3) motion cannot be granted absent clear and convincing evidence of material misrepresentations." Bell v. Carson, No. 19-3461, 2021 WL 4022726, at *1 (2d Cir. Sept. 3, 2021) (quoting Fleming v. N.Y. Univ., 865 F.2d 478, 484 (2d Cir. 1989)). "These same principles apply when a movant seeks to set aside a judgment on the basis of fraud on the court." Salamone v. Douglas Marine Corp., No. 19-CV-1213, 2022 WL 111774, at *4 (N.D.N.Y. Jan. 12, 2022) (quoting State St. Bank, 374 F.3d at 176). However, fraud upon the court, pursuant to Rule 60(d)(3), "is limited to fraud which seriously affects the integrity of the normal process of adjudication."[8] King v. First

---

[8] While Defendants do not move pursuant to Rule 60(d)(3), which governs vacatur based upon fraud on the court, their Motion frequently uses the term "fraud on the court." Regardless, the conduct complained of in Defendants' Motion does not rise to the level of fraud contemplated by Rule 60(d)(3). See, e.g., Gleason v. Jandrucko, 860 F.2d 556, 559 (2d Cir. 1988) (holding that "fraud on the Court involves far more than an injury to a single litigant") (internal quotations omitted)); Azkour v. Little Rest Twelve, No. 10-CV-4132, 2017 WL 1609125, at *8 (S.D.N.Y. Apr. 28, 2017) ("[B]ribery of a judge, jury tampering, or retention of an attorney 'for the purpose of influencing a judge are examples of fraud upon the Court,' but 'nondisclosure during pretrial discovery,' 'after-discovered evidence of alleged perjury by a witness,' and the existence of 'other fabricated evidence' are insufficient'.") (quoting LinkCo v. Akikusa, 615 F. Supp. 2d 130, 135 (S.D.N.Y. 2009), aff'd, 367 F. App'x 180 (2d Cir. 2010).

Am. Investigations, Inc., 287 F.3d 91, 95 (2d Cir. 2002) (quoting Gleason, 860 F.2d at 558).

In sum, Defendants' fraud arguments relate to the alleged perjury of Plaintiff's sole member, Devico. in other court actions. Specifically, Defendants highlight three instances supporting their perjury claims. First, Defendants aver that in Windward Bora v. Barrie[9], "Plaintiff admitted in court filings to fabricating a mortgage loan payment history in attempts to foreclose on a second mortgage." (Motion at 18.) Next, Defendants contend that Plaintiff submitted an affidavit from Devico, "[i]n Windward Bora v. 21st Mortgage Servicing[10]," in which Devico falsely swore that Plaintiff "own[ed] a Note and Mortgage since December 18, 2013, in order to convince the court that a subsequent mortgage assignee's recorded satisfaction of mortgage should be deemed void ab initio." (Id.) That affidavit was submitted despite Plaintiff not being formed until "August 8, 2017." (Id.) Finally, Defendants bring to the Court's attention an affidavit submitted by Devico in Windward Bora v. Zavelina[11], in which Devico

---

[9] The case is Windward Bora LLC v. Mamadu I. Barrie et al., No. 19-CV-7272 (E.D.N.Y. 2019).

[10] The case is Windward Bora LLC v. 21st Mortgage Corporation, No. 701610/2020 (Queens County Sup. Ct. 2020)

[11] The case is Windward Bora LLC v. Zavelina, No. 2020-007661-CA-01 (Fla. Miami-Dade County Ct. 2020)

swore "that Windward Bora received an assignment of a mortgage loan on July 18, 2015, when it is[,]" again, "undisputed . . . that Windward Bora LLC was only formed on August 8, 2017." (Id.)

Plaintiff avers that "Defendant's counsel has cherry-picked arbitrary items with no context . . . from cases that are completely irrelevant and unrelated to [this] . . . action in [an] attempt to discredit Plaintiff and claim the [Foreclosure Order] should be vacated due to 'fraud.'" (Opp'n at 16.) To the extent Defendants argue that the mortgage at issue was paid in full, Plaintiff notes that Defendants "fail[] to support this assertion with any documentary evidence." (Id. at 15.) Finally, Plaintiff highlights that, despite Defendants' contentions, "Devico[] has never been found by a court of law to have committed perjury." (Id. at 16.)

Here, the evidence proffered by Defendants falls well short of demonstrating, by clear and convincing evidence, that the alleged material misrepresentations unfairly prevented Defendants from fully presenting their case. Indeed, Defendants do not address this issue at all in any of their supporting memoranda. (See Motion, in toto; Reply, in toto.) The procedural history of this case reflects a willful decision by the Defendants to default despite being served with all requisite notices. (See supra Part II.A.2.a).) Even if the Court were to assume arguendo that all of Defendants' allegations of perjury in the unrelated cases are true,

to succeed on a Rule 60(b)(3) motion, the alleged misrepresentations made must have, in some way, prevented Defendants from fairly and fully presenting their own case. <u>See, e.g.</u>, <u>Caswell v. Racetti</u>, No. 12-CV-0153, 2014 WL 1278942, at *3 (E.D.N.Y. Mar. 27, 2014) (denying Rule 60(b)(3) motion where alleged "fraud and misrepresentation" occurred in another case and that, regardless, plaintiff failed to "demonstrate that such fraud or perjury detrimentally impacted the case"); <u>Chnapkova v. Koh</u>, No. 88-CV-6144, 1992 WL 203906, at *3 (S.D.N.Y. Aug. 7, 1992) (accepting as true defendant's accusation that plaintiff committed perjury but declining to grant Rule 60(b)(3) relief because "the defendant . . . failed to demonstrate that this fraud prevented him from 'fully and fairly' presenting his case"). Had Defendants not willfully abandoned their defense of this action, they would have been able to present any contradictory evidence they had demonstrating that the mortgage at issue had been satisfied. Defendants cannot escape the fact that they were afforded a full and fair opportunity to defend this action in a timely manner, but deliberately chose not to do so.[12]

---

[12] While Defendants' argument that the Court solely relied upon the representations of Devico to determine the existence of diversity jurisdiction is not true (see <u>infra</u> Part II.C), even if it were, their argument that this would warrant relief under Rule 60(b)(3) is likewise flawed in that, had they chosen to do so, Defendants could have challenged the existence of jurisdiction or otherwise presenting the merits of their case. Indeed, Rick was afforded, and took advantage of, the opportunity to present arguments as to

C. <u>The Foreclosure Order is Not Void Pursuant to Rule 60(b)(4) Because the Court Had a Reasonable Basis for Exercising Jurisdiction Over the Matter</u>

"Rule 60(b)(4) authorizes courts to 'relieve a party . . . from a final judgment' when 'the judgment is void.'" <u>Sec. & Exch. Comm'n v. Romeril</u>, 15 F.4th 166, 171 (2d Cir. 2021) (quoting F<small>ED</small>. R. C<small>IV</small>. P. 60(b)(4)). "Rule 60(b)(4) applies only in two situations: 'where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard.'" <u>Id.</u> (quoting <u>United Student Aid Funds, Inc. v. Espinosa</u>, 559 U.S. 260, 271 (2010)); <u>see also</u> <u>Grace v. Bank Leumi Tr. Co. of N.Y.</u>, 443 F.3d 180, 193 (2d Cir. 2006) ("A judgment is void under Rule 60(b)(4) . . . 'only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law.'" (quoting <u>Texlon Corp. v. Mfrs. Hanover Com. Corp.</u>, 596 F.2d 1092, 1099 (2d Cir. 1979))). "In the context of a Rule 60(b)(4) motion, a judgment may be declared void for want of jurisdiction only when the court 'plainly usurped jurisdiction,' or, put somewhat differently, when 'there is a total want of jurisdiction and no

---

why the Complaint should be dismissed for lack of subject matter jurisdiction. Nothing in Plaintiff's opposition to Rick's Dismissal Motion interfered with or prevented Rick from presenting whatever evidence he had on the issue of Plaintiff's citizenship for diversity purposes.

arguable basis on which it could have rested a finding that it had jurisdiction.'" Langford v. Beck, No. 20-CV-4980, 2021 WL 1393120, at *1 (S.D.N.Y. Apr. 12, 2021) (quoting Cent. Vt. Pub. Serv. Corp. v. Herbert, 341 F.3d 186, 190 (2d Cir. 2003)) (further citation omitted); see also Steiner v. Atochem, S.A., 70 F. App'x 599, 599-600 (2d Cir. 2003) ("We have held in Nemaizer v. Baker that a Rule 60(b)(4) motion will not be granted where the district court had a 'reasonable basis' for exercising jurisdiction, although the court may have erred in fact as to the existence of that jurisdiction.").

Notwithstanding the Court's prior determination that it had subject matter jurisdiction over this action, Defendants seek to relitigate that issue. Defendants maintain that while Plaintiff's Complaint alleged that its sole member was "a citizen of the Kingdom of Morocco and lawfully admitted for permanent residence in the United States [with a] domicil[e] in the State of Florida, . . . [a] review of Plaintiff's corporate documents and court filings reveals otherwise." (Motion at 15 (internal citations omitted).) Specifically, Defendants argue that Devico "owns property as an individual in New York," to wit: a condominium "located at 273 North Newbridge Road, Unit D2, Levittown, Hempstead, N[ew] Y[ork] 11756" (the "New York Property") (see Board of Managers Complaint, Ex. Z, ECF No. 41-27, attached to Motion). (Id.) Defendants further highlight that: "Plaintiff's Sublease

Agreement demonstrates that its alleged Florida office is subleased for $0 monthly rent with a security deposit of $10;" Devico, "executed the sublease agreement as both Sublessee for Plaintiff and Sublessor;" and the sublessor "maintains offices in New York" (see Florida Lease, Ex. AA, ECF No. 41-28, attached to Motion). (Id. at 16.) Defendants further aver that Plaintiff's appointment of an agent for service of process in New York and the fact that its Operating Agreement lists a principal place of business other than Florida support their position that Plaintiff is not a Florida domiciliary. (Id.) Finally, Defendants present a March 8, 2021 Letter, filed in Barrie, that Defendants allege shows Plaintiff had more than one member. (Id. (citing Barrie Letter, Ex. A, ECF No. 41-2, attached to Motion).)

Plaintiff counters by highlighting that the issue of subject matter jurisdiction "has [already] been litigated and decided with full and fair opportunity to Defendant." (Opp'n at 12.) Plaintiff underscored that during this prior adjudication, Plaintiff underscores that it provided "documentary evidence of Plaintiff's member['s] . . . citizenship for the purposes of establishing diversity jurisdiction." (Id. at 13.) As to Defendants arguments that Devico owns property in New York, or that Plaintiff enjoys favorable lease terms for its Florida offices, Plaintiff contends these issues are irrelevant.

In determining the citizenship of the parties Magistrate Judge Shields previously found:

> Plaintiff Windward is a limited liability company with a single member . . . Plaintiff's sole member is Yonel Devico, who is domiciled in Florida. Plaintiff properly alleged in its Complaint that Mr. Devico is a citizen of Florida. . . . Additionally . . . <u>Plaintiff submitted Windward's operating agreement which shows that Mr. Devico is the sole member of the limited liability company, as well as Mr. Devico's driver's license which lists a Florida residence</u>.

(R&R at 5 (emphasis added).) The Magistrate Judge's analysis of this issue was shaped by her review of the documentary evidence annexed to the Complaint; which was unrefuted by Defendants. As such, Defendants' present contention, that the Court relied only upon the statements of Devico to conclude that Plaintiff's citizenship for diversity purposes was Florida, is meritless.

Further, Defendants' proffered evidence in support of their Rule 60(b)(4) motion does not change the Court's opinion on this matter. Citizenship for the purpose of determining diversity jurisdiction is determined at the outset of the action. <u>See</u> <u>Wynston Hill Cap., LLC v. Crane</u>, 628 F. Supp. 3d 540, 545 (S.D.N.Y. 2022) ("For purposes of diversity jurisdiction, a person's citizenship is determined by his domicile at the time the complaint was filed." (quoting <u>Velez v. MAM Trucking Servs. Inc.</u>, No. 21-CV-0316, 2021 WL 1625411, at *2 (S.D.N.Y. Apr. 27, 2021))). None

of Defendants' proffered evidence calls into question Plaintiff's citizenship as of the date this action began, i.e., as of October 15, 2019.  For example, the Barrie Letter is dated March 8, 2021; thus, the extent to which Plaintiff may have had more than one member at the time of the Barrie action commenced is not germane to the analysis in this case.  Similarly, the extent to which Devico owns property in New York is not dispositive to the issue of Devico's citizenship as the location of real property is only one indicator of domiciliary intent.  See Ceglia v. Zuckerberg, 772 F. Supp. 2d 453, 456 (W.D.N.Y. 2011).  Furthermore, to the extent Plaintiff's Operating Agreement lists a principal place of business that is not Florida, or appoints an agent for service of process in New York, such facts are irrelevant for determining the citizenship of the Plaintiff LLC.  See Kenshoo, Inc. v. Aragon Advert., LLC, 586 F. Supp. 3d 177, 182 (E.D.N.Y. 2022) ("[T]he citizenship of an LLC has nothing to do with its state of formation or principal place of business; rather, the citizenship of an LLC consists of the imputed citizenship of each one of its members.").

In sum, there was a sufficiently reasonable basis in this case for the Court's decision to exercise jurisdiction considering Plaintiff's Operating Agreement showed that Plaintiff's sole member was Devico, who provided his Florida-issued driver's license as proof of his Florida residence.

D.  No Extraordinary Circumstances Exist Warranting Relief
    Under 60(b)(6)

"Rule 60(b)(6) is a catchall provision that applies when there is 'any other reason that justifies relief.'" Penn, 2021 WL 1226978, at *3 (quoting Fed. R. Civ. P. 60(b)(b)(6)).  "Motions pursuant to Rule 60(b)(6) may only be brought if no other subsection is applicable." Id. (citation omitted); see also PRC Harris, Inc. v. Boeing Co., 700 F.2d 894, 898 (2d Cir. 1983) ("Rule 60(b)(6) is a broadly drafted 'umbrella provision,' which must be read in conjunction with the other sections of that Rule, and is applicable only where the more specific provisions do not apply.") (collecting cases).

Defendant offers no substantive argument as to what extraordinary circumstances exist in this case that would implicate Rule 60(b)(6).  Indeed, Defendant recognizes that Rule 60(b)(6) is a catch-all provision that may only be invoked where the "asserted ground for relief is not recognized in Rules 60(b)(1)-(5)."  (Motion at 12.)  Plaintiff argues that Defendant's claim of "judicial mistake falls under Rule 60(b)(1)," and, as such, "Defendant is barred from obtaining relief under Rule 60(b)(6)."  (Opp'n at 11.)

Here, the Court agrees with Plaintiff in that since all of Defendants' arguments are germane to either Rule 60(b)(1), (3), or (4), the Motion must be evaluated pursuant to those provisions

and not pursuant to Rule 60(b)(6). See Penn, 2021 WL 1226978, at
*4 (finding that "[b]ecause Rule 60(b)(6) is a provision of last
resort," "were Rule 60(b)(1) to apply" to defendant's motions,
"the motions would have to be evaluated pursuant to [Rule 60(b)(1)]
and not under Rule 60(b)(6)").


## CONCLUSION

For the stated reasons, **IT IS HEREBY ORDERED that**
Defendants' Motion to Vacate the Foreclosure Order (ECF No. 41) is
DENIED.



SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: August 28, 2023
       Central Islip, New York